No. 15-50216

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*

v.

ERIC VELASQUEZ-OSMAN,

*Defendant-Appellant*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**BRIEF OF DEFENDANT-APPELLANT**

JACQUES L. DE LA MOTA
Attorney for Defendant-Appellant
Texas State Bar No. 24038857

DE LA MOTA & COMPANY, LTD.
Attorneys-At-Law
608 South Griner Street
Del Rio, Texas 78840

## CERTIFICATE OF INTERESTED PERSONS

### ERIC VELASQUEZ-OSMAN,
### No. 15-50216

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are as follows:

1.    **ERIC VELASQUEZ-OSMAN**, *Defendant-Appellant*;

2.    **RICHARD DURBIN, JR.**, *United States Attorney;*

3.    **JOSEPH H. GAY, JR.**, *AUSA, Chief of Appellate Section*;

4.    **RALPH ANTHONY PARADISO**, *AUSA, Del Rio Division*; and

5.    **JACQUES L. DE LA MOTA**, *Attorney-At-Law; Mr. De La Mota was appointed to represent Defendant-Appellant on this appeal.*

This certificate is made so that the Judges of this Court may evaluate possible disqualification or recusal.

*/S/ Jacques L. De La Mota*

**JACQUES L. DE LA MOTA**
*Attorney for Defendant-Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellant ERIC VELASQUEZ-OSMAN declines to request oral argument on the issues raised in this appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ……………….……………..…..…     *i*

STATEMENT REGARDING ORAL ARGUMENT ……….………………….…..     *ii*

TABLE OF AUTHORITIES ...…………………………………………….…..     *iv*

SUBJECT MATTER AND APPELLATE JURISDICTION ………………………..     1

ISSUE PRESENTED FOR REVIEW

> *Issue One:* Whether the sentence imposed by the District Court was substantively unreasonable and greater than necessary under the standards set forth by the Supreme Court in *United States v. Booker* and related Circuit Court decisions. ……………….....…..     3

STATEMENT OF THE CASE …………………………………………………..     4

> 1. ARREST AND INDICTMENT ……………………….……..……...     4

> 2. GUIDELINES CALCULATIONS AND SENTENCING ……………......     6

SUMMARY OF THE ARGUMENT …...……….…………………...………….     12

ARGUMENT AND AUTHORITIES

> *Issue One Restated:* Whether the sentence imposed by the District Court was unreasonable in light of the standards set forth in 18 U.S.C. §3553(a) and in governing case law. ...…………….....…...     13

> 1. STANDARD OF REVIEW ………….……………….….……...…..     13

> 2. ARGUMENT ……………………………………………….…….....     14

> 3. SUMMATION ……...……….………….………….……….…….....     20

CONCLUSION …………………….…………………………………………     21

CERTIFICATE OF SERVICE ………………………..….……….……….…..     22

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)………………………....     23

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*United States Supreme Court:*

*Gall v. United States,*
  552 U.S. 38 (2007) …………………………….……………..…... 13, 14

*United States v. Booker,*
  543 U.S. 220 (2005) …………….…..………………….…….…... 3, 12, 14, 18

*United States Courts of Appeal:*

*United States v. Calbat,*
  266 F.3d 358 (5th Cir. 2001) …………………………………….. 18, 19

*United States v. Campos-Maldonado,*
  531 F.3d 337 (5th Cir. 2008) …………….………….…….…….…..……. 18

*United States v. Duarte,*
  569 F.3d 528 (5th Cir.), *cert. denied*, 130 S.Ct. 378 (2009) ……….…..…… 18

*United States v. Godfrey,*
  25 F.3d 263 (5th Cir. 1994) …………………….…………….… 18

*United States v. Mondragon-Santiago,*
  564 F.3d 357 (5th Cir.), cert. denied, 130 S.Ct. 192 (2009) …..………....…. 18

*United States v. Rhine,*
  637 F.3d 525 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1001 (2012) ….……... 14

*United States v. Smith,*
  417 F.3d 483 (5th Cir. 2005) …………………………..….….……..… 13

*United States v. Smith,*
  440 F.3d 704 (5th Cir. 2005) ….………..……..………..….……..… 14, 15

*United States v. Vasquez-Tovar,*
  No. 11-50666 (5th Cir. 2012) ………………………….….……....… 14

# TABLE OF AUTHORITIES (CONT'D)

**STATUTES & REGULATIONS**                                                    **PAGE**

8 U.S.C. §1326 …………………………..…...............………………4-7, 9

18 U.S.C. §3231 …..…………………………………………………………… 1

18 U.S.C. §3553(a) …….………………………………….…….….…. 13, 15, 19, 20

18 U.S.C. §3742 …..…………………………………………………………… 1

28 U.S.C. §1291 …...……………………………………………..…………… 1

U.S.S.G. §2L1.2 ………………………………..…...……………..……………6, 9

U.S.S.G. §3E1.1 ……………………………….…….........…..…….…......…. 10

U.S.S.G. §4A1.1 ……….…………..……………….…….................……. 10, 11


**RULE**                                                                      **PAGE**

FEDERAL RULE OF APPELLATE PROCEDURE 4(b) …………………………..…….1

## SUBJECT MATTER AND APPELLATE JURISDICTION

**1. Subject Matter Jurisdiction in the District Court.** This case arose from the prosecution of alleged offenses against the laws of the United States. The United States District Court exercised jurisdiction pursuant to 18 U.S.C. §3231.

**2. Jurisdiction in the Court of Appeals.** This is a direct appeal from a final decision of the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, DEL RIO DIVISION, entering judgment of criminal conviction and sentence under the SENTENCING REFORM ACT OF 1984. The jurisdiction of this Court is invoked by Defendant-Appellant pursuant to the provisions of 18 U.S.C. §3742 and 28 U.S.C. §1291.

Under FEDERAL RULE OF APPELLATE PROCEDURE 4(b), a criminal defendant seeking an appeal must file notice of appeal in the district court within 14 days after entry of the judgment or order from which the appeal is taken. In this case, the district court pronounced sentence in open court on March 10, 2015, and entered written judgment on March 19, 2015. ROA.66; Tab #4.[1] On

---

1. References to the single Record on Appeal in this case are designated as "ROA." followed by the page number. The Presentence Investigation Report is cited in the same manner. In some instances, citations to the Presentence Investigation Report may be supplemented by references made to specific pages therein ("P.R. [page number]"). Where applicable, the corresponding "Tab" number of the document in the accompanying Record Excerpts is provided.

March 16, 2015, Defendant-Appellant caused a notice of appeal to be filed in the district court. ROA.64; Tab #2. Accordingly, the filing of the notice of appeal in this case was timely.

# ISSUE PRESENTED FOR REVIEW

**ISSUE ONE:** Whether the sentence imposed by the District Court was substantively unreasonable and greater than necessary under the standards set forth by the Supreme Court in *United States v. Booker* and related Circuit Court decisions.

## STATEMENT OF THE CASE

### 1. ARREST AND INDICTMENT.

Defendant-Appellant ERIC VELASQUEZ-OSMAN brings this appeal to challenge his conviction under 8 U.S.C. §1326 on a single count of illegal re-entry into the United States following deportation. The district court pronounced sentence on March 10, 2015. ROA.210.

MR. VELASQUEZ-OSMAN – who is a citizen of Honduras – was arrested on Tuesday, April 22, 2014, for illegally re-entering the United States following his previous deportation after serving time on a 2010 conviction in Florida state court. The state offense of conviction was felony "Kidnapping-False Imprisonment," which arose from a domestic argument that allegedly turned violent.

At around 10:00 a.m. on the day of the arrest, a Border Patrol agent on routine surveillance noticed fresh footprints on the ground as he drove along near the shoreline of the Rio Grande river some 37 miles downstream from Eagle Pass, Texas. The agent alighted from his vehicle and followed the footprints onto the adjacent ranchland. In short order, he came upon Defendant-Appellant, who was attempting to conceal himself under some brush. The agent noticed right away that MR. VELASQUEZ-OSMAN was wearing tattered, muddy

clothes, which suggested that he may have crossed into the United States from Coahuila, Mexico, by wading across the river. ROA.227; P.R. 3.

Upon inquiry, Defendant-Appellant readily admitted that he was a citizen of Honduras, that he entered the country from Mexico, and that he had no legal authority to be present in the United States. On this basis, the agent placed MR. VELASQUEZ-OSMAN under arrest and transported him to a nearby Border Patrol station. After waiving his *Miranda* rights, Defendant-Appellant gave a statement indicating that he had waded across the river at 10:00 a.m. on April 20, 2014, two days before he was apprehended. He indicated that he had no 'credible fear' regarding the possibility that he might eventually be returned to Honduras, and it thus appeared he entered the country solely for economic reasons. *Id.*

MR. VELASQUEZ-OSMAN disclosed to investigators that he had previously been deported after being caught entering the United States illegally by walking across the border near Sonora, Arizona. The agents also discovered that Defendant-Appellant had been forcibly removed through the Port of Miami on August 11, 2010, after serving a jail term in Florida. The records showed he had been convicted of kidnapping-false imprisonment and sentenced to serve five months and 19 days in jail. On this basis, he was subsequently named in a one-count indictment filed on May 21, 2014, charging him with illegal re-entry under 8 U.S.C. §1326(a) and (b)(1)/(2). Because his state conviction qualifies as

a crime of violence, he fell into the enhanced sentencing provisions of §1326 (b)(2), which constitutes a Class C felony calling for not more than 20 years imprisonment, along with a fine of up to $250,000. The indictment was brought in the DEL RIO DIVISION of the WESTERN DISTRICT OF TEXAS. ROA.12; Tab #3.

In due course, MR. VELASQUEZ-OSMAN appeared in federal district court on July 16, 2014, along with 26 other defendants and entered a plea of guilty to the sole count in the indictment. ROA.197. At no time was he offered a plea agreement, and none was entered into. His guilty plea was based on a written, signed Stipulation of Facts that fairly set forth the facts of the case, the essential elements of the offense, and a clear expression of guilt. ROA.39.

## 2. GUIDELINES CALCULATIONS AND SENTENCING.

Following preparation of a Presentence Investigation Report (PSR) by probation authorities, MR. VELASQUEZ-OSMAN stood for sentencing before a visiting judge of the district court on March 10, 2015. ROA.210. At the outset, the court considered written objections previously filed by the defense relative to the Guidelines calculations set forth in the PSR. ROA.249. In general terms, Defendant-Appellant took issue with the fact that his previous conviction was being used to support a 16-level sentencing enhancement under U.S.S.G. §2L1.2(b)(1)(A)(ii). Specifically, he maintained that the 2010 offense conduct and conviction in Florida did not constitute "kidnapping" as that term is

generally understood. For its part, the probation authorities contended that information provided by officials at the Lee County, Florida, Circuit Clerk's Office, indisputably showed MR. VELASQUEZ-OSMAN was convicted of "Battery and Kidnap-False Imprisonment." It was also demonstrated that the kidnapping conviction appears on Defendant-Appellant's Federal Bureau of Investigation criminal history report. In the Government's view, this was enough to trigger an enhanced charge under §1326 (b)(2). ROA.248.

By way of allocution during the sentencing hearing, defense counsel acknowledged that Defendant-Appellant had entered a plea of guilty to a kidnapping offense, which was a third-degree felony under the Florida penal code.

> DEFENSE COUNSEL: It is Mr. Osman's contention that the facts are over-stating his criminal history. The most time he has served is 5 months 19 days, which this Court previously noted. And all of the facts sound quite severe in the police report that is provided in the PSR. The term of confinement or punishment for the offense that he pled to was just 5 months and 19 days. Not to minimize the violence against the victim, but there was a plea agreement reached with the state with regard to that case. And so it was quite a shock for him to get his [PSR] and see that he's serving 5 times – or he's looking at a significant jump in a guideline

> range as opposed to the 5 months that he served, which is the
> most he's ever served and the time of confinement. So he is
> asking the Court to fashion a sentence that would reasonable
> to his case and to the totality of the circumstances.

ROA.217.

The trial court summarily overruled the defense objections in their entirety. ROA.218. The court noted in particular that the facts stated in the PSR clearly indicated that Defendant-Appellant used force against the victim, and that he "sexually molested her." *Id.* The judge was unpersuaded by counsel's argument that the exceedingly light sentence of five months and 19 days was itself an indication that the offense conduct was over-stated in the PSR. The only description of the alleged offense conduct that appeared in the record was evidently drafted by probation officials. Neither the PSR nor the record generally, contained any source material substantiating the PSR's account of the facts, which reads in full as follows:

> According to an offense report, police officers
> responded to a domestic violence call. They made contact
> with a Hispanic female. She stated that two weeks earlier she
> moved out of her son's father's apartment. She identified her
> son's father as the defendant. She went back to the apartment
> to retrieve some of her belongings. The defendant was not
> home, but his brother was. The defendant arrived a little later.

He was intoxicated and began arguing with her. She tried to leave and the defendant became physical and refused to let her leave. The victim attempted to get away and ran into a bedroom and hid in a closet. A short time later, she ran out the front door with the defendant chasing her. He grabbed her by the hair and slapped her several times on the face. The defendant grabbed her and carried her to the bedroom where he proceeded to sexually assault her. The victim pleaded for him to stop, but he did not. After he was done the victim attempted to leave and the defendant told her "If you try and call the police and I'm put in jail, I'm going to kill you when I get out."

ROA.230; P.R. 6.

Having overruled the defense objections, the trial court proceeded to accept without modification the Guidelines recommendations set forth in the PSR. Applying U.S.S.G. §2L1.2(a), the PSR assigned a base offense level of eight for the violation of 8 U.S.C. §1326(a). To this was added a further 16 points to reflect the fact that MR. VELASQUEZ-OSMAN had been previously deported following conviction for a crime of violence. In accordance with the terms of U.S.S.G. §2L.2(b)(1)(A)(ii), a conviction for a felony kidnapping offense constitutes an "aggravated felony" within the meaning of 8 U.S.C. §1326(b)(2), thus raising the maximum punishment range from 10 to 20 years. ROA.228; P.R. 4. His adjusted offense level under the Guidelines therefore rose

to 24. However, in accordance with U.S.S.G. §3E1.1(a) & (b), he was granted all three levels of adjustment for acceptance of responsibility. As a result, MR. VELASQUEZ-OSMAN was shown to have a total offense level of 21. ROA.229; P.R. 5.

The PSR also provided a detailed accounting of another incident in MR. VELASQUEZ-OSMAN'S criminal history. The record showed that he was arrested in Florida during 2009 for allegedly driving 59 mph in a 45 mph zone. The arresting officer reported that Defendant-Appellant was swerving from lane to lane as he drove along a city street. When the officer pulled him over and stood at the driver's side door, he detected the odor of an alcoholic beverage. It appeared that Defendant-Appellant did not have a valid driver's license, and that he was "disoriented, sleepy and carefree." He was arrested and charged with "Driving While Intoxicated – First Offense." MR. VELASQUEZ-OSMAN was subsequently found guilty and sentenced to six months' probation. His probation was later revoked and he served 10 days in jail. ROA.229; P.R. 5. In accordance with U.S.S.G. §4A1.1(B), Defendant-Appellant was assessed two criminal history points. ROA.229; P.R. 5.

The PSR also reported a second conviction arising from the DWI incident for operating a motor vehicle without a license. He was duly convicted of that charge and given six months' probation and two days in jail. As with the DWI

- 10 -

case, his probation was revoked and he was sentenced to 60 days in jail. No criminal history points were assessed for this conviction. ROA.230; P.R. 6.

The 2010 kidnapping case resulted in the imposition of two points for purposes of calculating criminal history under U.S.S.G. §4A1.1(b). *Id.* When combined with the DWI case, MR. VELASQUEZ-OSMAN was deemed to have a criminal history score of four, which placed him in criminal history category III. Based on his total offense level of 21 and with a criminal history category of III, Defendant-Appellant's sentencing range under the Guidelines was 46 months (three years and ten months) to 57 months (four years and nine months). ROA.231; P.R. 7. Upon this basis, the trial court imposed a term of incarceration of 46 months, which was at the low end of the recommended range. The judge also imposed three years of supervised release. No fine was assessed. ROA.222; ROA.66.

At the time of sentencing, MR. VELASQUEZ-OSMAN was 27 years of age. He is currently reported to be held at a federal correctional facility in Three Rivers, Texas. Records provided by the Bureau of Prisons indicate that he has an expected release date of August 25, 2017, whereupon he will be subject to immediate deportation to his native Honduras.

## SUMMARY OF THE ARGUMENT

***ISSUE ONE:*** **WHETHER THE SENTENCE IMPOSED BY THE DISTRICT COURT WAS SUBSTANTIVELY UNREASONABLE AND GREATER THAN NECESSARY UNDER THE STANDARDS SET FORTH BY THE SUPREME COURT IN *UNITED STATES V. BOOKER* AND RELATED CIRCUIT COURT DECISIONS.**

The sentence imposed by the trial court constituted an abuse of discretion, for the reason that the court pronounced sentence on the basis of calculations under the Guidelines that grossly overstated the nature and extent of Defendant-Appellant's criminal history and thereby unreasonably inflated Defendant-Appellant's criminal history score.

## ARGUMENT AND AUTHORITIES

**Issue One Restated:** WHETHER THE SENTENCE IMPOSED BY THE DISTRICT COURT WAS UNREASONABLE IN LIGHT OF THE STANDARDS SET FORTH IN **18 U.S.C. §3553(a)** AND IN GOVERNING CASE LAW.

### 1. STANDARD OF REVIEW.

The relief being sought in this appeal by Defendant-Appellant ERIC VELASQUEZ-OSMAN is based on his assertion that the within-guidelines sentence imposed by the trial court was substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). In this case, Defendant-Appellant, through counsel, raised an explicit objection during the course of the sentencing hearing on March 10, 2015, to the imposition of a sentence based on a 16-level enhancement under the Guidelines by reason of a prior conviction of an alleged crime of violence. *See* ROA.215. Thus, the issue raised herein was fully preserved for consideration on appeal.

It is well established that review of sentencing decisions by the Fifth Circuit is limited to determining whether such decisions are substantively "reasonable." *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005); *United States v. Smith*, 417 F.3d 483 (5th Cir. 2005). As part of its review, the Court undertakes a two-step process. First, there is a determination concerning whether the district court committed any

significant procedural error. *Gall* at 51. As noted in a recent unpublished case, "[a] procedural error occurs if, for example, the district court does not correctly calculate the Guidelines range, fails to consider the § 3553(a) factors, or fails to explain the decision." *United States v. Vasquez-Tovar*, No. 11-50666 at p. 2 (5th Cir. 2012), *citing United States v. Rhine*, 637 F.3d 525, 528 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1001 (2012). If no such error can be shown to have occurred, then the Court considers the substantive reasonableness of the sentence under an abuse-of-discretion standard, taking into account the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 528 (*quoting Gall*, 552 U.S. at 51).

Stated another way, after the decision in *United States v. Booker*, 543 U.S. 220 (2005), a district court's application of the Guidelines is reviewed in the Fifth Circuit *de novo*. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). The Court accepts a district court's findings of fact made in connection with sentencing unless such findings are clearly erroneous. *United States v. Smith*, 440 F.3d 704 (5th Cir. 2006); *United States v. Creech*, 408 F.3d 264 (5th Cir. 2005); see *United States v. Milton*, 147 F.3d 414, 421 (5th Cir. 1998).

## 2. ARGUMENT.

Under the flexible "unreasonableness" standard announced in *United States v. Booker*, a trial court's sentencing discretion is bounded by, and

otherwise guided by, the sentencing considerations set forth in 18 U.S.C. §3553(a). The factors set forth in §3553(a) include, *inter alia*, the following: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. *See United States v. Smith*, 440 F.3d 704, *supra*.

During the course of the sentencing hearing, defense counsel called the judge's attention to the fact that the sentencing range in this case was unreasonably harsh given the true nature of Defendant-Appellant's prior offense conduct. ROA.217. The single conviction in Florida state court in 2010 arose from an unfortunate domestic incident which, according to the facts in the record, quickly escalated from a loud dispute into a pushing and shoving melee fueled by alcohol. Although the description set forth in the PSR contains a reference to "sexual assault," no charges alleging such conduct were ever pursued by prosecuting authorities.

In point of fact, the charge of "Kidnapping-False Imprisonment" was apparently based on nothing more than the allegation of strong-arm force being exerted by Defendant-Appellant during the unfortunate incident with his child's mother. The suggestion that MR. VELASQUEZ-OSMAN "kidnapped" the victim

- 15 -

obviously exaggerates the true nature of the incident. There is nothing in the record even remotely indicating that he abducted her, held her incommunicado for an appreciable length of time, demanded ransom, or otherwise executed a crime of *kidnapping* in the normal, common-law sense of that term. The charge of kidnapping in this case was obviously overkill of the first order, and it was incumbent on the district court to recognize that fact and impose a sentence which reasonably comported with a clear-eyed appreciation of what actually transpired.

The most compelling indication of the true nature of the 2010 offense conduct is seen in the mild sentence that was imposed by the state court judge. It is incomprehensible that a sentence of five months and 19 days would ever be given in a case that involved an actual, Lindbergh-style kidnapping, as that term is generally understood. In this case, however, MR. VELASQUEZ-OSMAN received a harsh sentence of nearly *four years*, based almost entirely on past conduct that a state court judge saw fit to punish with jail time of a paltry *five-and-a-half months*. It is submitted that the disparity in sentencing renders the district court's judgment in this case unreasonable *per se*.

Another troubling aspect of the lower court's acceptance of the Guidelines sentencing range is the fact that the 2010 kidnapping conviction was double-counted – or perhaps triple-counted – in the final determination of the sentence

in this case. In the first instance, the so-called kidnapping conviction was fully taken into account with the imposition of a 16-level enhancement in the calculation of MR. VELASQUEZ-OSMAN'S total offense level of 21. In addition to this major escalation of the punishment range, the same conviction was used again to support the addition of two points to Defendant-Appellant's criminal history score, which resulted in a corresponding hike in punishment range. In a further instance of multiple counting, the record shows that the district court judge based his final sentencing determination in large part on the unsavory aspects of the 2010 domestic violence incident, without making reference to the essentially nonviolent nature of the illegal re-entry offense itself. When viewed in this light, it clearly appears that the sentence ultimately imposed on MR. VELASQUEZ-OSMAN was based on past criminal conduct which had been fully adjudicated some five years before the offense conduct actually at issue in the present case.

Accordingly, Defendant-Appellant contends that the 2010 domestic violence incident was wrongfully taken into account multiple times in determining the final sentence of imprisonment imposed by the district court. Nevertheless, he also recognizes that this aspect of the issue being presented for review has been the subject of a number of cases recently decided in the Fifth Circuit. He is well aware of case law precedent to the effect that sentences

falling within the Guideline range and not in excess of statutory limits are presumed to be reasonable. *United States v. Campos-Maldonado*, 531 F.3d 337 (5th Cir. 2008); *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir.), *cert. denied*, 130 S.Ct. 192 (2009). He also recognizes that so-called "double-counting," or "stacking," of offenses is also permitted, as long as it is expressly provided for in the Guidelines, as is the case here. *United States v. Calbat*, 266 F.3d 358 (5th Cir. 2001); *see also United States v. Godfrey*, 25 F.3d 263 (5th Cir. 1994); *United States v. Duarte*, 569 F.3d 528, 529 (5th Cir.), *cert. denied*, 130 S.Ct. 378 (2009); and *United States v. Mondragon-Santiago*, *supra*.

Despite existing case law, Defendant-Appellant contends that the effect of double-counting in this instance produced a substantively unreasonable sentence that must be overturned on constitutional grounds. The standard set forth in *Booker* is based on due process reasonableness and not on the rote application of policy decisions adopted by a quasi-regulatory body and inserted into the sentencing Guidelines. Accordingly, the determination of reasonableness should turn solely on the facts of each case along with any mitigating elements offered by the defense, and not solely on rigid enforcement of the Guidelines. Current law, however, does not expressly recognize this view of the matter.

On the basis of the foregoing, MR. VELASQUEZ-OSMAN urges the adoption of criteria for determining the point at which double-counting becomes

excessive and unreasonable, as in the instant case. For that purpose, sentencing courts should be instructed to consider on a case-by-case basis whether double-counting under the Guidelines produces a substantively unreasonable result, and whether, in the exercise of discretion, and in the interests of due process, trial courts are then required to make an appropriate downward adjustment. As suggested in *United States v. Calbat*, *supra*, courts are inclined to give deference to policy determinations expressed in the Guidelines. However, a natural corollary would be to regard a minimum sentence under the Guidelines as being entirely adequate in the absence of compelling facts necessitating the imposition of additional prison time to achieve the sentencing goals advanced in 18 U.S.C. §3553(a). In the present case, the court imposed a relatively severe sentence for the express purpose of exacting punishment for criminal conduct that had been fully adjudicated five years before.

MR. VELASQUEZ-OSMAN concedes, however, that his argument is likely foreclosed by previous decisions of this Court which countenance double-counting when sanctioned under the Guidelines. In that event, he would ask alternatively that he be treated as having raised this issue solely for the purpose of preserving it for possible review by the United States Supreme Court at a later time.

### 3. SUMMATION.

Defendant-Appellant argues on this appeal that the sentence imposed upon him was rendered unreasonable, *inter alia*, by the fact that the trial court failed to temper the effect of his 2010 kidnapping conviction on the sentence ultimately imposed where the facts of that case were misrepresented and unfairly exaggerated. He also notes that the effect of double-counting his single felony conviction grossly distorted the application of the Sentencing Guidelines, with the result that the legitimate ends of the standards set forth in 18 U.S.C. §3553(a) were not met.

On this basis, Defendant-Appellant maintains that the sentence ultimately imposed on him lacked a rational basis in either law or fact, and as a result MR. VELASQUEZ-OSMAN contends he was denied substantial justice in the court below. Accordingly, Defendant-Appellant requests that this case be remanded for a resentencing hearing at which his constitutional right to a proper sentencing determination is fully enforced.

## CONCLUSION

Defendant-Appellant ERIC VELASQUEZ-OSMAN requests this Court find, *First*, that the district court's March 10, 2015, sentence was substantively unreasonable and constituted an abuse of discretion, and, *Second*, that the Court remand the case for resentencing consistent with the Court's opinion, and solely for purposes of reducing the sentence previously imposed or summarily discharging Defendant-Appellant from custody.

Upon this basis, Defendant-Appellant urges this Honorable Court to Order a remand to the district court for resentencing and to provide all other relief to which Defendant-Appellant may be justly entitled.

Respectfully Submitted,

*/S/ Jacques L. De La Mota*

JACQUES L. DE LA MOTA
Attorney for Defendant-Appellant
Texas Bar No. 24038857

**De La Mota & Company, Ltd.**
608 South Griner Street
Del Rio, Texas 78840
Tel. 830-775-7780
Fax. 830-774-6051

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Brief of Defendant-Appellant on RICHARD DURBIN, JR., United States Attorney for the Western District of Texas, by filing the said Brief electronically through the Court's CM/ECF system in conformity with the requirements of 5TH CIR. R. 25.2.5 and other provisions of rule and law, on or before August 18, 2015.

I further certify that I will have served a copy of the said Brief on the Defendant-Appellant, ERIC VELASQUEZ-OSMAN, by certified mail addressed to his place of confinement in the State of Texas, on or before the date required therefor.

*/S/ Jacques L. De La Mota*

**JACQUES L. DE LA MOTA**
*Attorney for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32 (a)(7)(B) because this brief contains not more than 4,500 words, excluding the parts of the brief exempted by FED. R. APP. P. 32 (a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32 (a)(5) and the type style requirements of FED. R. APP. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using MS Word 2013 in 14-pt. New Times Roman.

**Dated effective:** August 18, 2015.

*/S/ Jacques L. De La Mota*
———————————————————
**JACQUES L. DE LA MOTA**
*Attorney for Defendant-Appellant*